PIERCE, Chief Judge.
Appellant Roberto Ramos appeals to this Court from an order denying his post-conviction motion for relief filed under CrPR 1.850, 33 F.S.A.
On March 11, 1969, Ramos was informed against for the offense of possession of a narcotic drug, to-wit, marijuana. Upon plea of not guilty he was tried on July 28, 1969, and was found guilty by the jury and sentenced to a term of imprisonment accordingly. Thereafter, on May 22, 1970, he filed motion in the trial Court asking that said judgment and sentence be vacated, which motion was denied.
With the aid of the local Public Defender, Ramos has appealed from the order denying his post-conviction motion. The Public Defender has filed in this Court an Anders-type brief setting forth that he “has been unable to come up with any legal argument which could justifiably be made for the contentions raised by the Appellant”, although he had “searched the record in an attempt to find something which could arguably support” such contentions. The Public Defender thereupon suggests that “this is a frivflous appeal”, and asks “leave of the Court to withdraw as attorney of record for the Appellant herein”.
This Court withheld ruling on the said motion to withdraw and ordered a copy of the Public Defender’s brief served upon appellant Ramos, which was done. Ramos was allowed thirty days by this Court within which to file any additional brief calling this Court’s attention to any matters that he felt should be considered in connection with his appeal. On April 7, 1971, within the thirty day period allowed by this Court, Ramos filed his said additional brief wherein he affirmatively abandoned and waived all grounds of his original motion filed under CrPR 1.850 except the insufficiency of the evidence to convict.
We have read the transcript of evidence at the trial, which has been certified to us as a part of this appeal, and find that it is amply sufficient to sustain the verdict and judgment. Also, it is academic that a criminal case cannot be factually retried upon a post-conviction motion under CrPR 1.850 and the legal sufficiency of the evidence to convict again weighed, first by the trial Court, and then by the appellate Court.
*729 The post-conviction motion was therefore properly denied and the order of the trial Court appealed here is accordingly—
Affirmed.
HOBSON and MANN, JJ., concur.